## Hawkins
### v.
### Marion Correctional Institute
*[Cite as 3 AOA 65]*

Case No. 9-89-3
Marion County, (3rd)
Decided May 24, 1990

Mr. Daniel Smith, Attorney At Law, Ohio Civil Service Employees Association, AFSCME Local 11, 1680 Watermark Drive, Columbus, Ohio 43215, Mr. Craig Becker, Attorney At Law, 1615 L Street, N.W. #1360, Washington D. C. 20036, for Appellant.

Mr. Anthony J. Celebrezee, JR., Attorney General, Mr. Patrick A. Devine, Mr. Gregg G. Bachmann, State Office Tower, 10th Floor, 30 East Broad Street, Columbus, Ohio 43266-0410, for Appellee.

GUERNSEY, J.

This proceeding originated in an administrative removal effective July 17, 1984 of the appellant David C. Hawkins from his position as a Correctional Officer with the appellee, Marion Correctional Institute, hereafter referred to as MCI, arising from an allegation by MCI of Hawkins' malfeasance and/or neglect of duty and/or failure of good behavior, and a determination by the Institution Superintendent that Hawkins "did steal a .38 caliber Smith and Wesson firearm from the Marion Correctional Institution sometime during the period of January 22, 1982 to May 30, 1982." Hawkins appealed the order of removal of the appointing authority under the provisions of R.C. 124.34 and 119.12 to the State Personnel Board of Review where the matter was heard by an administrative law judge, who after an extensive hearing, filed his report and recommendations, recommending "that the removal of the Appellant, David Hawkins, effective July 17, 1984, be AFFIRMED." On March 28, 1985, the board of review entered its order adopting the recommendation of the administrative law judge, and pursuant to R.C. 124.34 and 119.12 Hawkins then filed his notice of appeal from that order to the Court of Common Pleas of Marion County.

Various proceedings and various appeals then took place in that court, in this court of appeals and in the Supreme Court of Ohio, none of which have bearing on this appeal. In any event, the appeal to common pleas court was submitted to that court on its merits on the transcript of proceedings before the board of

review, including the transcript of evidence adduced before the administrative law judge, and upon briefs filed in the common pleas court. On December 29, 1988, that court entered its opinion and order finding the recommendations of the board of review supported by reliable, probative and substantial evidence and in accordance with law, finding that there is credible evidence for the administrative law judge and the board to conclude that the appellant had committed the crime of theft of a handgun while employed as a correctional officer at MCI, thereby subjecting him to removal for malfeasance, and ordering that the order of the board of review be affirmed. It is from that "opinion and order" that the appellant Hawkins then appealed to this court.

The appellant assigns error of the lower court in finding that the order of the board of review was in accordance with law and supported by reliable, probative and substantial evidence, because (1) the order violated R.C. Sec. 4120.30, (2) the order was based on highly prejudicial, inadmissible evidence, (3) objective, uncontradicted evidence established that appellant did not commit the offense of theft, and (4) the "employing authority" failed to establish a chain of custody of the stolen handgun.

The first branch of the assignment of error is based on an uncontradicted claim that prior to the removal order MCI conducted an investigation into the charges against Hawkins under its special investigatory powers set forth in R.C. 5120.30. Appellant alleges, however, that to counter these extraordinary investigatory power, the legislature granted certain procedural rights to the subjects of investigations, including, specifically, that "[i]n matters involving the conduct of an officer, a stenographic report of the evidence shall be taken and a copy of such report, with all documents introduced, kept on file at the office of the department."

The record here discloses that in the hearing afforded to Hawkins by the Institution Superintendent before the initial order of removal was made, stenographic notes were taken and kept on file, but that the stenographic notes were not transcribed.

In a case which parallels this one, the Supreme Court recently held in *Local 4501, Communications Workers of America* v. *Ohio State Univ.* (1990) 49 Ohio St. 3d 1, paragraph two to the syllabus respecting a disciplinary hearing under the provisions of various labor agreements, that:

"2. A classified civil service employee of the state of Ohio does not have a constitutional due process right to have a stenographic record or a tape recording made of pretermination disciplinary hearing."

By analogy appellant's rights to the making of a stenographic record of his initial hearing are not rights accorded to him by the Constitution and, if they exist at all, must rest entirely on the statutory provision heretofore quoted from R.C. 5120.30. It will be observed that that statutory provision merely provides that a stenographic report of the evidence shall be taken and a copy be kept on file at the office of the department. The statute does not provide that compliance is for benefit of the appellant, nor does it provide that the result of non-compliance shall effect the validity of the removal order, as now claimed by the appellant. As set forth in *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532, and *Local 4501, supra*, due process requirements are met by the reasonable grounds for removal aspect of the pretermination disciplinary hearing followed by the provision of a full administrative posttermination hearing and judicial review. As stated in *Loudermill* at 547, "to require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."

Moreover, we find no place in the record where the appellant has set forth the scope and nature of any prejudice that he might have incurred by reason of the absence of a full stenographic record on file at the office of the department.

Thus, we find no error prejudicial to the appellant with respect to there being no stenographic transcription of the pretermination hearing.

The second branch of the assignment of error respecting "introduction of highly prejudicial, inadmissible evidence and prosecutorial misconduct," alludes first to that part of the removal order, stating:

"Testimony from Trooper Knight and Mr. Berry indicated that Mr. Berry voluntarily took a polygraph examination, conducted by the Ohio State Highway Patrol, concerning Mr. Hawkins' involvement in this matter. The results indicated that Mr. Berry was truthful in his admission that he purchased the pistol from Mr. Hawkins and that Mr. Hawkins had told him he had stolen the gun from the Marion Correctional Institution."

Hawkins made a motion *in limine* prior to the hearing before the administrative law judge that "any results of any polygraph examination administered to any witness" be excluded from evidence, which motion was granted, and moved that the reference to a polygraph examination in the removal order be deleted, which motion was also granted. Hawkins then moved that the administrative law judge excuse himself based on his exposure to "the inadmissible and highly prejudicial statement contained in the removal order." This motion was denied.

During the hearing Hawkins moved to admit a prior statement he gave to a State Trooper, with a reference therein to his willingness to submit to a polygraph examination deleted, and withdrew his motion when the judge ruled that only the entire statement would be admissible. When MCI later offered the same exhibit the judge cautioned MCI's counsel that its admission did not open the door to admission of any other evidence concerning polygraph examinations. Nevertheless MCI filed on November 7, 1984, a supplemental list of witnesses to testify on its behalf which stated in its first paragraph:

"Sgt. Phil Osbron, State Highway Patrol, Columbus. - to testify that in regard to a polygraph examination that was administered to Barbara Bowen, the results of which indicate that she has testified truthfully about David Hawkins' admission to her that he took a weapon from the Marion Correctional Institution."
The administrative law judge admonished MCI's counsel for his actions.

There seems to be little doubt that in the present state of the law and rules of evidence the results of polygraph examinations are inadmissible during the trial of a cause in a court of law. There also seems to be little doubt here that the results of polygraph examinations were not actually offered in evidence. The crux of appellant's position is that the actions cited "deliberately placed the results of two polygraph examinations before the trier of fact, constituting highly prejudicial misconduct, rendering the board proceedings defective as matter of law." In our opinion such is not the case.

We find nothing in the record, nor have we been cited to anything therein, where it can be said that the administrative trial judge relied in any event on his knowledge, either of the administration of polygraph tests or the results thereof. In fact, the record of his actions on the motions in limine, on the motion to strike the reference to polygraph examination from the removal order, and his admonishment of counsel, show that he well understood the limitations on such evidence and the requirements that the fact finder not consider same. In the face of the usual presumption of regularity, it cannot be said that he violated the duties of is office.

It must be recognized that the very nature of the duties of a judge often require him to have knowledge of inadmissible evidence. Every time he makes a ruling determining evidence inadmissible, he has to know what the inadmissible evidence consists of, and if he is the fact finder, he must eliminate same from his consideration in determining the facts. The presumption of a valid and soundly reached decision "imposes upon appellants the burden of proving their contention that the hearing examiner in this cause was biased, partial or prejudiced to such a degree that his presence adversely affected the board's decision." *West Virginia* v. *Hazardous Waste Facility Approval Bd.* (1986), 28 Ohio St. 3d 83, 86 (citing *Ohio Motor Vehicles Dealers Bd.* v. *Central Cadillac Co.* (1984), 14 Ohio St. 64, 67.) The same rule is applicable here, and the appellant has failed to meet his burden.

Accordingly, we find the second branch of the assignment of error without merit.

The third branch of the assignment of error is based on appellant's contention that notwithstanding that a gun received by MCI on January 22, 1982, was determined missing in June, 1982, and in early 1984 was found in Champaign County, that a state trooper was then assigned to investigate, that he traced the gun to one Berry who was employed as a Correctional Officer at MCI during the first half of 1982, that Berry told the trooper and subsequently testified that he received the gun from appellant Hawkins who told Berry that he took it from MCI, that Hawkins denied taking the gun, and that Barbara Bowen testified that she heard Hawkins say that he took a gun from MCI and gave it to Berry, a close examination of the record of reveals that objective, indisputable evidence contradicts the testimony of Berry and that both Berry Bowen had a clear motive to fabricate a story implicating Hawkins in the theft.

However, the evidence which appellant relies on as to both Berry's and Bowen's motivation to implicate Hawkins is capable of other inferences or of no inferences at all and is not in any way objective or conclusive.

Appellant then relies on, as being conclusive, Berry's testimony that the gun was stolen by Hawkins on January 22, 1987, and, as being

objective as well as conclusive, evidence that an MCI sign-in sheet clearly shows that Hawkins did not work that day, whereas Berry did work that day. Obviously the evidence of the sign-in sheet is objective and may conclusive as to January 22, 1987, but Berry's testimony that the gun was stolen on that date was neither objective nor conclusive and merely stood in possible conflict with evidence that the gun was received by MCI on January 22, 1987, was not discovered to be missing until June, 1982, and could have been taken on any date after its receipt and prior to the time it was found missing.

Since *Andrews v. Board of Liquor Control* (1955), 164 Ohio St. 275, 280, it has been clear that the review under R.C. 119.12 of an agency's order is a "hybrid review of an agency's order *** which is one neither strictly of law nor of law and fact ***." It "cannot be a trial *de novo*." *Id.* at 279. In *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St. 2d 108, 111, the Supreme Court ruled that "[i]n undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts *** the court should defer to the determination of the administrative body, which, as the fact finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility." See also *Graziano* v. *Amherst Exempted Village Bd. of Edn.* (1987), 32 Ohio St. 3d 289, 293. In administrative appeals where an employee has been discharged for just cause, neither may the court of appeals substitute its judgment for that of the reviewing board or of the court of common pleas based on the weight of the evidence, and the appellate court is limited to a determination of whether the order of the trial court was the product of an abuse of discretion by the court. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159.

In his report and recommendations the administrative law judge summarizes in detail the testimony of the witnesses and then draws his conclusions as follows:

"If Mr. Berry and Ms. Bowen told the truth in this matter, and it is found herein that they did, then, Mr. Hawkins gave a new .38 caliber Smith & Wesson handgun to Mr. Berry and told Mr. Berry and Ms. Bowen, on numerous and separate occasions, that he had stolen the weapon from M.C.I. Such a weapon had disappeared from M.C.I. during this period, and it seems that Mr. Hawkins would only have admitted the theft if he had in fact committed the theft. It is generally presumed that people who have not commit-

ted a crime do not confess to having committed one. If Mr. Hawkins had not taken the gun in question, it is presumed that he would not have admitted taking it. Since he did admit to the theft, on a number of occasions, I find that he did, as alleged in his order of removal, steal a .38 caliber Smith & Wesson firearm from the Marion Correctional Institution sometime during the period of May 22, 1982 to May 30, 1982. Such misconduct warrants removal."

Having examined the evidence before the administrative law judge we find that same supports the conclusions of the administrative law judge and is sufficient to satisfy the R.C. 119.12 reliable, probative and substantial standard of review applicable to the lower court's review of the decision of the Personnel Board of Review. We find no abuse of discretion by the lower court in making that determination. Accordingly, it is our opinion that this third branch of the assignment of error is not well taken.

The fourth and final branch of the assignment of error is based on a contention by the appellant that MCI introduced no evidence which directly links the missing gun to the appellant. Appellant admits that the gun was located in Champaign County and then traced by the investigating officer to Berry, but that no person who possessed the gun when it was recovered testified, nor did Berry state that the gun he had was the missing gun.

We know of no requirement that a chain of custody of the stolen weapon be established to support the removal order here under consideration. "Chain of custody" is only an evidentiary tool to establish identity of some item of personal property. It often becomes important in criminal drug cases to establish that the suspected substance submitted to a laboratory test is the identical substance found in the possession of a person charged with a drug offense. But it is not the only means of establishing identity which may be established by evidence and inferences therefrom as to indentity without necessarily proving the persons whose hands the item was passed through. Here the appellant was charged with the theft of the gun and the theft was complete when he took it from the possession of MCI. Testimony of MCI witnesses established when and how the weapon came into MCI's possession, and appellant's access to same, though appellant denied that he took it. MCI witnesses established when it was discovered missing from the MCI inventory. MCI witnesses, including Berry and Bowen, then established

that Berry received the weapon from appellant and that appellant on numerous occasions admitted in their presence that the had taken it. This is not a criminal case and the measure of proof is not beyond a reasonable doubt. In our opinion there was no error as to identify of the gun and the evidence of identity was sufficient to support the board of review's conclusions that appellant had committed a theft offense justifying his removal and the lower court's conclusions required by R.C. 119.12 that the board's order is supported by reliable, probative and substantial evidence and is in accordance with law.

Having found no error of the Court of Common Pleas of Marion County prejudicial to the appellant in any of the particulars assigned and argued, the judgment must be affirmed.

*Judgment affirmed.*

BRYANT, P.J., and COLE, J., concur.