CRUMPLER, Appellant,

v.

STATE BOARD OF EDUCATION et al., Appellees.

[Cite as *Crumpler v. State Bd. of Edn.* (1991), 71 Ohio App.3d 526.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1340.

Decided March 26, 1991.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Cornelius J. Baasten and Anthony M. Dio Guardi II, for appellant.

Lee Fisher, Attorney General, and Christopher M. Culley, for appellees.

McCORMAC, Judge.

Appellant, Jocelyn B. Crumpler, appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, State Board of Education, revoking her teaching certificates, and raises the following assignment of error:

"The Franklin County Court of Common Pleas abused its discretion when it concluded that the order of the State Board of Education revoking appellant's teaching certificates was supported by reliable, probative, and substantial evidence and in accordance with law."

The State Board of Education ("the board"), at its November 14, 1988 meeting, adopted a resolution declaring its intention to consider the suspension or revocation of any teaching certificates then held by appellant. At the time, appellant held both a four-year and an eight-year special education certificate. The incident which gave rise to the board's action involved appellant's theft of drugs and money from residents of the Dover Group Home. As part of her employment as a teacher and qualified mental health professional at the Cambridge Developmental Center, appellant was responsible for developing daily life skills programs for a group of severely behaviorally disoriented and profoundly retarded males. Appellant admitted to the theft and, on August 5, 1988, entered a guilty plea to two counts of criminal mischief, R.C. 2909.07(A)(1), in the Tuscarawas County Court of Common Pleas. The court sentenced appellant to a term of six months' incarceration on each count to run concurrently but suspended the sentence and placed appellant on three years' probation.

Shortly after her sentencing, appellant voluntarily entered a drug treatment program at Shephard Hill Hospital. After completing in-patient therapy, appellant entered a halfway house for further treatment. Appellant ultimately resigned from the Cambridge Developmental Center, worked a short time for the Zanesville City Schools and, in July 1988, accepted a position with the Columbus Public Schools, instructing fourth and fifth grade learning disabled students at Northtowne Elementary.

Pursuant to the board's resolution, the matter came on for hearing before a referee on February 16, 1989. At the hearing, appellant admitted to her convictions and testified that she was chemically dependent. Appellant offered testimony of her voluntary recovery efforts in mitigation. The hearing officer, convinced of appellant's sincerity, recommended that her certificates not be revoked. On the Sunday following the hearing, appellant sustained a broken toe and went to the emergency room at St. Ann's Hospital for treatment. Appellant did not inform the treating physician of her chemical

dependency and was given a prescription for Darvocet. As a result, appellant relapsed into a pattern of abuse which culminated in an April 15 arrest for the illegal processing of drug documents. Appellant had attempted to alter a Darvocet prescription from thirty to one hundred thirty tablets. Thereafter, appellant entered a guilty plea to the offense charged and the trial court stayed the proceedings and granted appellant's request to undergo treatment in lieu of conviction pursuant to R.C. 2951.041.

Upon hearing of the second criminal violation, the board remanded the matter to the referee for a second hearing. Appellant again introduced evidence of her addiction and recovery efforts in mitigation. However, the referee ultimately recommended revocation of her teaching certificates. The board adopted the recommendation of its referee and ordered that appellant's certificates be revoked. The court of common pleas affirmed the board's order, finding that it was supported by reliable, probative, and substantial evidence and was in accordance with law.

In her single assignment of error, appellant argues that the trial court abused its discretion by finding that the board's order was supported by reliable, probative, and substantial evidence and was in accordance with law.

■ Under R.C. 119.12, a trial court conducts a hybrid form of review. In determining if an agency order is supported by reliable, probative, and substantial evidence, a trial court must necessarily weigh the evidence presented to the agency and, to a limited extent, may reevaluate the credibility of the evidence. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. However, due deference must be given to the administrative determination of conflicting testimony. *Id.* On appeal, it becomes the duty of this court to determine whether the court of common pleas abused its discretion in conducting the limited review required by *Conrad.* Abuse of discretion " * * * implies a decision without a reasonable basis, one which is clearly wrong." *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

■ The basis for the board's order can be found in R.C. 3319.31(A), which provides in pertinent part:

"If at any time the holder of a certificate is found intemperate, immoral, incompetent, negligent, or guilty of other conduct unbecoming to his position, the state board of education shall revoke the certificate. * * * "

R.C. 3319.31(B) goes on to list various criminal convictions which, if violated, constitute *per se* grounds for revocation. Included in this list is R.C. 2925.23, illegal processing of drug documents, under which appellant was indicted. However, since the trial court ordered treatment in lieu of convic-

tion, all criminal proceedings have been stayed and appellant has no conviction which would constitute *per se* grounds for revocation of her certificates to teach. Therefore, the standard of R.C. 3319.31(A) must be applied to determine whether grounds were proved for revocation of the certificates.

Appellant's first conviction was the result of her theft of drugs prescribed for a mentally handicapped student, presumably under her charge, and for the theft of monies belonging to the center. This conduct itself, while not *per se* grounds for revocation, was sufficiently severe to support a revocation. Appellant might very well have put a student in physical jeopardy by stealing needed medications. This evidences an abusive addiction that has blurred her sense of right and wrong to the point that the welfare of her students was not of paramount importance to her and that she could not be trusted with monies to which she had access. Yet, appellant recognized her problem and voluntarily sought help for her dependency. She appeared sufficiently sincere in her efforts that she convinced a referee to recommend that the board not revoke her teaching certificates. However, just a few days after her first hearing, appellant relapsed into a pattern of chemical abuse. While the indictment that brought an end to the relapse would not require a mandatory revocation under R.C. 3319.31(B), the severity of conduct that it presented was sufficient to show grounds for revocation pursuant to R.C. 3319.31(A) as it involved intemperate and immoral conduct unbecoming to her position.

Appellant is respected by her peers as a committed teacher and she has been given favorable evaluations. However, appellant suffers not only from a dependency, but she has also committed criminal acts. The basis for appellant's revocation was not chemical dependency but a pattern of criminal activity which was brought about by her addiction. The addiction has, as evidenced by appellant's theft of drugs and money, adversely affected her employment. While we are mindful that the loss of her certificates may adversely affect her recovery efforts, we must place, in deciding whether the trial court abused its discretion, on the welfare of the school community. It is understandable that the education community may be both sympathetic of the problem appellant has with drug addiction and adamant that a drug dependent teacher be removed from that employment, at least until the person can be trusted not to relapse into abuse and criminal conduct. The relapse resulting in the second criminal action for which appellant was treated sympathetically under the criminal law adds support to the validity of the revocation. It is noted that appellant is taking steps to gain the day-by-day support to help her from again relapsing. With an acceptance of the revocation and a continuance of that program, it is hoped that she will be able to apply successfully for reinstatement of her certificates and to continue her efforts in an occupation where persons of her abilities are badly needed.

The issue before us is solely whether there was reliable, probative, and substantial evidence to support the trial court's conclusion that appellant engaged in a course of conduct unbecoming a teacher which can result in revocation. The trial court did not abuse its discretion in finding that there was such evidence presented to the board.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and KERNS, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.