[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This consolidated, accelerated appeal arises from the Ashtabula Municipal Court wherein appellant, Stephen A. Fertig, was charged separately with theft and driving under the influence ("DUI").
Appellant contends that on the evening of June 19, 2000, he arrived home late from work at around 9:00 p.m. He was supposed to meet his girlfriend, Linda Covell, and go out for the evening. However, since appellant arrived home late, Ms. Covell went out without him and he decided to meet her later.
Appellant contends that he met up with Ms. Covell at around 11:00 p.m. at a bar known as Dee Gee's. Appellant and Ms. Covell stayed at the bar for about a half hour where he consumed one beer.
Appellant testified he and Ms. Covell left Dee Gee's together and walked to another bar where appellant had another beer. A short time later the two left that bar and walked to a third bar known as Dry Dock where appellant consumed two more beers. Shortly after midnight, the two decided to leave the Dry Dock. Appellant asserts he agreed to drive because Ms. Covell was fairly intoxicated. Appellant claims that Ms. Covell wanted to say goodbye to some friends before she left, so appellant agreed to meet her at his car parked outside. As Ms. Covell left to say goodbye to her friends, appellant contends that she had left her purse on the bar and he picked it up for her.
At trial, Ms. Covell testified to the following different version of facts. She recalls being at the Dry Dock bar and acknowledges running into appellant there. She testified that she knew appellant and had dated him in the past. However, on that night she did not want to be with appellant and he was "harassing" her. Ms. Covell states that she had asked two women to watch her purse for her while she went to the back of the bar and, upon returning, she discovered her purse was gone.
The state presented testimony from Tarisha Fuentes, a patron at the bar and eyewitness. Ms. Fuentes testified that she saw appellant and Ms. Covell seated together and talking on the night in question at the Dry Dock. Ms. Fuentes also testified that she saw appellant leaving the bar with Ms. Covell's purse and she confronted him. Appellant told her to mind her own business. She noted that "some big fella" then approached appellant about taking the purse at which time appellant threw the purse down and proceeded to his car.
Appellant testified that after leaving the bar he went to a store and bought a 12-pack of beer and proceeded back to look for Ms. Covell at the bar. He could not find her so he headed to a friend's house. As appellant opened the door to get out of his vehicle, Patrolman James Henry pushed him against the side of his truck and told him he was a suspect in a theft. Appellant refused any sobriety tests at the scene or at the police station. Appellant was cited for DUI at the scene and was subsequently arrested for theft. A bench trial was held and appellant was found guilty on both charges. Appellant was fined, sentenced to thirty days in jail and a temporary license suspension.
Appellant asserts three assignments of error.
Appellant's first assignment of error is:
 "The defendant-appellant's convictions for theft and driving under the influence of alcohol are against the manifest weight of the evidence."
Appellant contends that there was no competent, credible evidence to support either the theft or the driving under the influence convictions.
In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[1]
In order for appellant to be convicted on the theft charge the state needed to prove that appellant, "with the purpose to deprive the owner of [her] property, knowingly exerted control over the property, without the owner's consent."[2] The state brought forth testimony from both the eyewitness, Ms. Fuentes, and the victim, Ms. Covell, as well as the arresting police officer, Officer Henry. Appellant also testified and admitted taking Ms. Covell's purse but offered a different version of the underlying facts. The trial court, acting as the fact-finder, was in the best position to evaluate the demeanor of each witness and determine the reliability and veracity of the testimony. The court determined that appellant's testimony lacked credibility and found him guilty of the theft charge.
The evidence before the court concerning the DUI charge included testimony from the arresting officer, James Henry. Officer Henry testified that he responded to a call at the Dry Dock regarding a woman's purse being taken. Upon arriving at the bar, he noted several people standing outside. He was directed by others toward Ms. Covell who identified herself and relayed to him that appellant had taken her purse. After talking to Ms. Covell and other witnesses for a short time, Officer Henry left the bar with a description of appellant's vehicle as a red truck and the license plate number.
Moments later, while driving in an attempt to locate appellant's vehicle, he observed a red truck, fitting the description given to him by Ms. Covell, traveling down the street. Officer Henry proceeded to follow the truck down several streets and then activated his lights and attempted to stop the truck. The suspect did not stop immediately but then pulled into a driveway. Officer Henry approached the vehicle and noticed a white male stumbling out. As he approached, he detected a strong odor of alcohol on the person and observed an open 12-pack of beer on the front seat with two or three open cans nearby. Officer Henry identified the suspect as appellant and asked him to submit to field sobriety tests. Appellant refused, became belligerent and told Officer Henry that this was the driveway of his home. Officer Henry testified that he notified appellant that he was a suspect in a purse theft. Officer Henry testified that appellant's speech was slurred and his eyes were "red and bloodshot." Officer Henry subsequently placed appellant under arrest for driving under the influence. It was later determined that appellant had not parked his truck in his own driveway and that the homeowner did not know appellant.
In addition to Officer Henry's testimony, appellant also testified that he had consumed four beers that evening and had subsequently driven his truck to a friend's house.
Appellant argues that because the state failed to establish, on the record, that appellant was actually driving his truck in the state of Ohio, the state failed to adequately prove every element of the DUI charge. The direct testimony from Ms. Covell and appellant was that the bars were located on "Bridge Street" and "West 6th Street" in "Ashtabula" as well as testimony from Ms. Covell that the theft occurred in Ashtabula, Ohio. This is sufficient to demonstrate that the theft and DUI both occurred in the state of Ohio. Thus, the trial court's finding of guilty of driving under the influence is clearly supported by the evidence on the record.
We cannot substitute our judgment for that of the trial court absent a clear abuse of discretion.[3] Appellant has not demonstrated any abuse of discretion by the trial court in making its finding of guilt on the theft or DUI charges.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error is:
 "The trial court went beyond the scope of Rule 614(B) of the Ohio Rules of Evidence when the court examined state's witnesses."
Evid.R. 614(B), concerning the interrogation of witnesses by the court states, "[t]he court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Appellant argues that the trial court erred in questioning the state's witnesses in a biased manner which was prejudicial to the appellant.
"[A] court reviewing a trial court's interrogation of witnesses and comments must determine whether the trial court abused its discretion."[4] Moreover, "[a]bsent a showing of bias, prejudice, or prodding of the witness to elicit partisan testimony, it is presumed that the trial court interrogated the witness in an impartial manner in an attempt to ascertain a material fact or develop the truth."[5]
Appellant objects to testimony elicited from both Ms. Fuentes and Officer Henry. The trial court's questioning of Ms. Fuentes was as follows:
 "Q (by the Court): Did you observe him consume any alcohol or anything at that time?
 "A (by Fuentes): I couldn't honestly recall if he consumed any alcohol.
 "Q: What was his demeanor when you had the confrontation with him?
"A: He was very belligerent.
"Q: Were you able to observe his face?
"A: I was right in his face, yes."
In its line of questioning the court was attempting to ascertain whether appellant was intoxicated which is a necessary element of the DUI charge. This court has noted that, "[s]obriety or lack thereof is commonly recognized by courts to be within the perception of a lay witness."[6] Therefore, the testimony by Ms. Fuentes was permissible. Moreover, the testimony elicited did not go toward establishing appellant's intoxication and, in fact, was favorable to the defense. Therefore, appellant has failed to establish that Ms. Fuentes' testimony elicited by the court was prejudicial toward appellant.
Appellant also objects to the court's line of questioning of Officer Henry. The testimony went as follows:
 "Q (by the court): Officer Henry, have you ever observed people under the influence of alcohol previously, previous to this occasion?
"A (by Officer Henry):Yes, sir.
 "Q: Approximately how many occasions would you estimate?
"(Objections by the defense).
"Q: So, how many occasions, sir?
 "A: Sir, I have been a policeman for 18 years, and I can't count the times, but it is, like you said, alcohol is our predominant case load, so yes, I have seen numerous.
"Q: Have you, yourself, consumed alcohol in the past?
"A: Yes, I have.
"Q: Have you ever been influenced by alcohol?
"A: I can't say I have.
"Q: You can't say?
"A: But, I have drank.
"Q: So, you do not drink a lot, I assume?
 "A: No, I am not (inaudible), but I'm not a drinker or purchase it or go to bars or all that stuff.
 "Q: Have you ever felt you have been intoxicated, ever, in your life?
"A: Yes.
 "Q: Do you have an opinion as to whether or not this defendant was under the influence of alcohol on the night in question?
 "A: My personal opinion, he was definitely under the influence of alcohol."
Again, through this line of questioning the court was attempting to elicit testimony from Officer Henry regarding appellant's intoxication. It is well established that, "a police officer may provide lay testimony under Evid.R. 701 as to his or her opinion concerning a defendant's state of intoxication."[7] Thus, Officer Henry's opinion testimony regarding whether he thought appellant appeared intoxicated on the night in question is admissible testimony. The fact that testimony elicited from a witness by the court may be potentially damaging to the defendant does not automatically render it biased.[8]
Thus, appellant has failed to demonstrate that the court abused its discretion in its line of questioning of either Ms. Fuentes or Officer Henry.
Appellant's second assignment of error is not well taken.
Appellant's third assignment of error is as follows:
 "The defendant was denied effective assistance of counsel where counsel failed to move for a Rule 29 acquittal at the conclusion of the state's case."
Appellant argues defense trial counsel performed deficiently in not moving for a Crim.R. 29 acquittal after the close of the state's case because the state failed to establish, on the record, that appellant was driving his truck in the state of Ohio. Appellant contends that had counsel moved for acquittal it would have been granted.
This court has adopted the Strickland test to determine whether an accused has received ineffective assistance of counsel:
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"[9]
As noted in our analysis of the first assignment of error, the fact that testimony was never elicited from Officer Henry regarding appellant driving his vehicle in the state of Ohio at the time of offense does not preclude the court from finding appellant guilty of driving under the influence. As previously noted, the record includes testimony from Ms. Covell establishing that the theft and surrounding events, including appellant's driving under the influence, took place in Ashtabula, Ohio. Moreover, Officer Henry's testimony regarding appellant's appearance and conduct as well as the circumstances leading to appellant's arrest for DUI present competent evidence to support a finding of guilty by the court. Therefore, appellant has not established that trial counsel's failure to move for a Crim.R. 29 motion for acquittal constitutes ineffective assistance of counsel.
Appellant's third assignment of error is without merit.
The judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387, 1997-Ohio-52.
[2] R.C. 2913.02(A)(1).
[3] Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863.
[4] Metro. Life Ins. Co. v. Tomchik (1999), 134 Ohio App.3d 765, 795
citing Mentor-on-the-Lake v. Giffin (1995) 105 Ohio App.3d 441,448.
[5] State v. Blankenship (1995), 102 Ohio App.3d 534, 548.
[6] In re Litterst (June 26, 1998), 11th Dist. Nos. 97-L-135 and 97-L-136, 1998 Ohio App. LEXIS 2939, at *14.
[7] Id.
[8] Blankenship at 568.
[9] State v. DiMeolo (Sept. 30, 1992), 11th Dist. No. 91-A-1680, 1992 WL 267379, at *3, quoting Strickland v. Washington (1984),466 U.S. 668.