JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Gary E. Friedman ("Friedman") appeals from a decision of the Cuyahoga County Common Pleas Court affirming the decision of the Ohio Department of Insurance ("ODI") to revoke his license to sell insurance. For the following reasons, we affirm.
 {¶ 2} A review of the record reveals the following facts: On December 26, 2000, the Ohio Department of Commerce Division of Securities ("Department of Commerce") revoked Friedman's Ohio Investment Adviser license after determining that he violated certain provisions of Ohio Revised Code Sections 1707.01 to 1707.45. Specifically, the Department of Commerce found that Friedman unlawfully sold over two million dollars in unregistered nine-month promissory notes resulting in large monetary losses to his clients. Friedman did not appeal the revocation of his license, and six months later, surrendered his Series 7 securities license.
 {¶ 3} On November 14, 2001, Friedman was given notice by the ODI of its intent to suspend or revoke his insurance license based upon the loss of his Investment Adviser license.
 {¶ 4} A formal hearing was conducted on April 11, 2002. At the hearing, Friedman admitted that he sold over two million dollars in unregistered nine-month promissory notes over an approximately eight-month period. Friedman stated that he was misled by an agent of the securities firm that the notes were exempt from registration. He stated that he consulted with three attorneys to determine the status of the notes. He admits, however, that he relied upon the advice of one attorney, who himself had a financial interest in the underlying transaction, that the notes did not need to be registered. Finally, Friedman admits that his clients lost large amounts of money but that he exhausted his own financial resources to the point of bankruptcy to voluntarily repay his clients.
 {¶ 5} On July 15, 2002, the Superintendent of Insurance determined that Friedman's actions, which resulted in the revocation of his Investment Adviser license, also constitute grounds under former R.C.3905.49(B)(13) for the revocation of his insurance license. The report stated, in pertinent part:
 {¶ 6} "On this record of the events that transpired, the Superintendent finds that Mr. Friedman lost his securities license as a result of breaching his fiduciary responsibilities. The advice he obtained which assured him the notes were exempt was from a biased source. The fact that the advice was given in a confident, believable manner does not change the fact that it was wrong. Also, two out of the three attorneys he consulted could not give Mr. Friedman the answer he was seeking. This was an indicator that the status of the notes could be questionable, which indicator Mr. Friedman failed to heed." Friedman timely appealed to the Cuyahoga County Common Pleas Court on July 24, 2002. In its decision dated December 27, 2002, the trial court affirmed the revocation of Friedman's license. It is from this decision that Friedman now appeals and raises one assignment of error for our review, which are numbered as (A) and (B):
 {¶ 7} "A. The Division of Securities did not find a breach of fiduciary responsibilities.
 {¶ 8} "B. ODI denied due process by purporting to recharacterize the action of the Division of Securities."
 {¶ 9} When reviewing an order of an administrative agency pursuant to R.C. 119.12, the Court of Common Pleas is limited to a determination of whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. Katz v. State of Ohio Dept.of Ins. (Aug. 1, 2002), Cuyahoga App. No. 80802, 2002-Ohio-3905. When reviewing the trial court's determination, however, the appellate court is limited to a determination of whether or not the trial court abused its discretion. Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863,870. Abuse of discretion connotes more than a mere error of judgment, but an arbitrary, unreasonable or capricious attitude on the part of the trial court. Thompson v. Hayslip (1991), 74 Ohio App.3d 829. Here, we find no abuse of discretion.
 {¶ 10} Former R.C. 3905.49(B)(13), in effect at the time of the hearing, provided, in pertinent part:
 {¶ 11} "The superintendent of insurance may suspend, revoke, or refuse to issue or renew any license as an agent, surplus line broker, limited insurance representative, or impose any other sanction authorized under this chapter, for one or more of the following reasons:
 {¶ 12} "(13) Having any professional license suspended or revoked as a result of a mishandling of funds or breach of fiduciary responsibilities."
 {¶ 13} Friedman's argument with respect to this assignment of error is that the ODI may not revoke his insurance license based upon a breach of fiduciary responsibilities since the revocation order issued by the Department of Commerce does not specifically state that he breached a fiduciary duty to his clients when it revoked his Investment Adviser license. We disagree.
 {¶ 14} The State has a right to ensure that the business of insurance is properly engaged in since insurance agents are subject to government regulation. Motors Ins. Corp. v. Robinson (1951), 62 OLA 58. To this end, the ODI was established by the General Assembly and is comprised of experts with the responsibility of regulating the industry and developing such regulations. Accordingly, we find that the ODI, in applying its expertise in the field of insurance and disciplining insurance agents, is empowered to determine whether the acts of an insurance broker constitute "breach of fiduciary responsibilities" within the meaning of former R.C. 3905.49(B)(13).
 {¶ 15} Here, the undisputed facts show that Friedman sold unregistered securities to his clients that resulted in large monetary losses to them and the revocation of his securities license. A securities dealer has a fiduciary duty to his clients. See Paine, Webber, Jackson Curtis, Inc. v. Adams, 718 P.2d 508, 515 (Colo. 1986); Henricksenv. Henricksen, (C.A. 7, 1991), 640 F.2d 880; Thropp v. Bache HalseyStuart Shields, Inc. (C.A. 6, 1981), 650 F.2d 817, 819-20. As such, the broker owes wide-ranging fiduciary duties to the customer to manage the account in accordance with the customer's needs and objectives. Id. The revocation of Friedman's securities license, although not specifically characterized as such by the Division of Commerce, clearly constituted a revocation for breach of fiduciary duties.
 {¶ 16} Accordingly, we hold that the ODI had sufficient evidence to conclude that Friedman's acts constituted "breach of fiduciary responsibilities" within the meaning of former R.C. 3905.49(B)(13) independent of any determination or non-determination by the Department of Commerce and it's decision to revoke Friedman's insurance license was supported by reliable, probative and substantial evidence and in accordance with the law. Therefore, the trial court did not abuse its discretion in affirming the ODI's decision.
 {¶ 17} Friedman's sole assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., CONCUR.