**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 20.]**

KENNEDY, APPELLANT, *v*. MARION CORRECTIONAL INSTITUTION, APPELLEE.

[Cite as *Kennedy v. Marion Correctional Inst.*, 1994-Ohio-83.]

*Public employment—Demotion of captain to sergeant based on his repeated sexual harassment of female correctional officers who worked under his supervision, upheld.*

(No. 93-997—Submitted March 2, 1994—Decided April 20, 1994.)

APPEAL from the Court of Appeals for Wyandot County, No. 16-92-22.

———————————

{¶ 1} The cause is before this court pursuant to the allowance of a motion to certify the record.

———————————

*Francisco A. Garabis*, for appellant.

*Lee I. Fisher*, Attorney General, and *Christopher B. McNeil*, Assistant Attorney General, for appellee.

———————————

{¶ 2} We adopt the March 26, 1993 decision of the court of appeals, which decision is attached as an appendix to this entry, and affirm the decision of the court of appeals for the reasons stated therein.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————

APPENDIX

**THOMAS F. BRYANT, Judge.**

{¶ 3} This is an appeal from a judgment of the Court of Common Pleas of Wyandot County affirming the finding of the State Personnel Board of Review, which upheld appellant's demotion.

**{¶ 4}** Appellant, Max A. Kennedy, is an employee of appellee, Marion Correctional Institution. Appellant held the position of captain until his demotion to sergeant. The demotion was based upon results of an investigation conducted by the institution following complaints from six female correctional officers who worked under appellant's supervision that he had repeatedly sexually harassed them. Following an investigative interview, review of the complaining witnesses' written statements and a predisciplinary conference at which some of the complaining witnesses testified, appellee found just cause for demoting appellant.

**{¶ 5}** Appellant appealed the order of demotion to the State Personnel Board of Review ("board"). Following a full evidentiary hearing, the administrative law judge recommended that the demotion be affirmed. The judge presented to the board a very complete report setting forth in great detail her findings of fact, conclusions of law and recommendation. The board adopted the recommendation and affirmed appellant's demotion.

**{¶ 6}** Appellant then appealed the board's finding to the Court of Common Pleas of Wyandot County, which reviewed the entire record of proceedings and briefs of the parties and found reliable, probative and substantial evidence to support the board's order. Accordingly, the court affirmed that order.

**{¶ 7}** Appellant now appeals the judgment of the court of common pleas and asserts five assignments of error, the first of which is:

"The court of common pleas committed reversible error in its finding that the order, adjudication, [and] decision by the State Personnel Board of Review was [*sic.*] supported by reliable, probative and substantial evidence and is [*sic.*] in accordance with law."

**{¶ 8}** R.C. 124.34 provides that an employee or appointing authority may appeal a decision of the board to the court of common pleas. R.C. 119.12 sets forth the procedure to be followed in such an appeal and specifically provides that, upon the court's consideration of the entire record and any additional evidence admitted

by the court, it may affirm the order if it finds reliable, probative and substantial evidence to support the board's finding. That statute further provides that an appeal from the judgment of the court of common pleas shall proceed as in the case of appeals in civil actions.

{¶ 9} While the determination to be made by the court of common pleas is based on whether there is reliable, probative and substantial evidence to support the board's finding, the standard of review to be applied by this court is whether the court of common pleas abused its discretion in making that determination. *Hawkins v. Marion Correctional Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724 (citing *Angelkovski v. Buckeye Potato Chips Co.* [1983], 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280).

{¶ 10} We find that the court of common pleas did not abuse its discretion in affirming the board's order. There is ample evidence in the record to support the board's finding that appellant sexually harassed his female subordinates and, therefore, was subject to disciplinary action. Five complaining witnesses testified concerning specific instances of sexual harassment and that appellant's behavior created a hostile working environment. There is also evidence in the record that, approximately six months before action was taken by appellee against appellant, appellant was put on notice that female employees had complained that a supervisor on appellant's shift had been sexually harassing them. The evidence is conflicting as to whether appellant was told specifically that he was the supervisor the employees were complaining about, but he was clearly put on notice that a supervisor had been acting inappropriately and, after being informed of this, he did not harass the employees for two or three weeks. Furthermore, appellant had received repeated training concerning sexual harassment on the job.

{¶ 11} Appellant's claim that the board erred in not admitting certain evidence proffered by him at the hearing is irrelevant as to this assignment of error. As stated above, this court must determine whether the court of common pleas

abused its discretion in finding reliable, probative and substantial evidence to affirm the board's order. We have found no abuse of that discretion.

{¶ 12} Appellant's first assignment of error is overruled.

{¶ 13} Appellant's second and third assignments of error are:

"The court of common pleas committed reversible error in failing to find that the State Personnel Board of Review had erroneously overruled appellant's motion to suppress.

"The court of common pleas committed reversible error in failing to find that the State Personnel Board of Review had erred in overruling and denying appellant's motion to dismiss the demotion based on appellee's violation of appellant's constitutional rights to a fair pre-disciplinary hearing."

{¶ 14} In support of both assignments of error, appellant argues that appellee intentionally withheld evidence from him and that the predisciplinary hearing denied him his due process rights under the Fourteenth Amendment to the United States Constitution. Appellant claims that investigative interviews of the complaining witnesses were tape recorded and appellee intentionally withheld those tapes. There is no evidence in the record that matters contained in the tapes are not contained in written materials provided to appellant nor is there evidence in the record that anything contained in the tapes was relied upon in disciplining appellant. It is clear that appellant was provided copies of the written statements of the complaining witnesses and the notes of the investigative interviews prior to his predisciplinary hearing. Furthermore, it appears that the tapes were provided to appellant for his post-disciplinary hearing. Nothing entitles appellant to have the tapes prior to that hearing.

{¶ 15} Appellant seems to argue that he was entitled to prehearing discovery and a formal evidentiary hearing before being disciplined. We do not agree. An employee who has a property interest in his employment is entitled to "some kind of hearing" prior to termination or imposition of discipline. *Cleveland*

4

*Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 504. More specifically:

"The essential requirements of due process *** are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. *** The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *** To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." (Citations omitted.) *Id.*, 470 U.S. at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. See, also, *Local 4501, Communications Workers of Am. v. Ohio State Univ.* (1990), 49 Ohio St.3d 1, 550 N.E.2d 164, certiorari denied (1990), 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 783; *Williams v. McMackin* (Mar. 31, 1992), Marion App. No. 9-91-43, unreported, 1992 WL 82529. "*** '[S]omething less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Loudermill*, 470 U.S. at 545, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.

{¶ 16} Appellant was given written notice of the charges against him, an explanation of appellee's evidence in the form of copies of written statements of the complainants, and an opportunity to present his side of the story. Nothing more is required. As in *Loudermill*, appellant had a full post-disciplinary evidentiary hearing which prevented any violation of his due process rights.

{¶ 17} Appellant's second and third assignments of error are overruled.

{¶ 18} Appellant's fourth assignment of error is:

"The court of common pleas committed reversible error by failing to find that the State Personnel Board of Review had erroneously excluded the evidence of disparate treatment between employees."

**{¶ 19}** Appellant proffered evidence of statements and actions of a sexual nature made by correctional officers employed by appellee, some of them the complaining witnesses, claiming that those employees were not disciplined for similar conduct. Appellant contends that the board erred in excluding such evidence and the court of common pleas erred in failing to find that the board's exclusion was erroneous.

**{¶ 20}** Ohio Adm.Code 124-9-11(A) provides that the board may hear evidence of disparate treatment "to determine whether the discipline of *similarly situated* employees is uniform." (Emphasis added.) It is undisputed that appellant, prior to his demotion, was in a supervisory or command position and all of the evidence he attempted to elicit concerning alleged disparate treatment related to correctional officers who were under his command or other employees who were clearly not similarly situated. Accordingly, such evidence was inadmissible.

**{¶ 21}** Appellant's fourth assignment of error is overruled.

**{¶ 22}** Appellant's fifth and final assignment of error is:

"The court of common pleas committed reversible error by failing to consider the exclusion of character evidence of the complaining witnesses (victims) by the State Personnel Board of Review as a basis to support its order."

**{¶ 23}** Appellant claims that evidence of specific instances of conduct on the part of some of the complaining witnesses should have been admitted as character evidence pursuant to Evid.R. 404(A). We do not agree. Such evidence is not admissible under Evid.R. 404(A)(2) since this is not a criminal prosecution. It is not admissible under Evid.R. 404(A)(3) because the evidence does not concern credibility of the witnesses.

**{¶ 24}** The evidence sought to be admitted by appellant is irrelevant as it does not tend to make the existence of any fact that is of consequence to the determination of this action any more or less probable. Evid.R. 401. The issue in this case is whether appellant's demotion based on his sexual harassment of female

subordinates should be affirmed.  What those subordinates may have said or done on other unrelated occasions is irrelevant.

{¶ 25} Appellant's fifth assignment of error is overruled.

{¶ 26} The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

EVANS, P.J., and HADLEY, J., concur.

_____