OPINION
In April of 1987, appellant, Victor Gaul, began his employment with appellee, the Ohio Department of Rehabilitation and Corrections. In September of 1988, appellant was promoted to Business Administrator. Appellant began his employment at Grafton Correctional Institution in 1989. Subsequently, appellant was promoted to Business Administrator II. During all times relevant to this matter, appellant was supervised by Grafton Deputy Warden for Administration Thomas R. Israel. Appellant was terminated from his position on September 30, 1996 for failing to perform his duties.
On October 2, 1996, appellant filed an appeal of his termination to the State Personnel Board of Review. An evidentiary hearing before Administrative Law Judge Howard D. Silver commenced on January 7, 1997. By report dated April 18, 1997, Judge Silver recommended appellant receive a one day suspension and be returned to his position as Business Administrator II.
Objections were filed which went before the Board as a reviewing tribunal. The Board imposed a six month suspension and demoted appellant "to the highest classification where Appellant would not be required to implement state purchasing requirements * * *."
On August 28, 1997, appellant filed an appeal to the Court of Common Pleas of Muskingum County, Ohio. By decision filed January 6, 1998, the trial court reduced the suspension to one month and left the demotion intact.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE LOWER COURT ERRED IN FINDING THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW WAS SUPPORTED BY RELIABLE, PROBATIVE, AND CREDIBLE EVIDENCE, AND IN FAILING TO REINSTATE VICTOR GAUL AS BUSINESS ADMINISTRATOR II.
II
 THE LOWER COURT ERRED IN FAILING TO FIND THE BOARD'S ORDER IS CONTRARY TO LAW, ARBITRARY, AND CAPRICIOUS, AND THE LOWER COURT FURTHER ABUSED ITS DISCRETION IN FAILING TO FIND THAT (I) THE BOARD'S ORDER DISREGARDED THE EVIDENTIARY FINDINGS OF THE ADMINISTRATIVE LAW JUDGE WHO HEARD THE CASE, (II) THE BOARD'S ORDER FAILED TO CONSIDER DISPARATE TREATMENT, (III), THE BOARD FAILED TO CONSIDER MITIGATING CIRCUMSTANCES, (IV) THE BOARD'S ORDER FAILED TO CONSIDER THAT THE APPOINTING AUTHORITY DID NOT APPLY THE PROPER LEGAL STANDARDS IN ITS ORIGINAL ORDER OF REMOVAL, (V) THE DISCIPLINE IMPOSED IS EXCESSIVE, ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND UNWARRANTED, AND (VI) VICTOR GAUL WAS DENIED DUE PROCESS OF LAW.
 I, II
Appellant claims the trial court erred in failing to reinstate him to his previous position as Business Administrator II and in failing to find the Board's decision unlawful, arbitrary and capricious. Appellant claims the Board did not defer to the evidentiary findings of Judge Silver, failed to consider mitigating factors and was guilty of disparate discipline. We disagree.
In reviewing an order from the Board of Review, a trial court may affirm the order if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C.119.12. In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, Justice Wright defined these terms as follows:
 (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. (Footnotes omitted.)
Our review is more limited. We do not examine the evidence. As stated by Justice Sweeney, Sr. in Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621:
 The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.
As noted above, this court will not indulge in a de novo
review of the facts sub judice. This court is limited to a review of the decisions to see if the evidentiary findings are reflected in the record and the decision was lawful and not arbitrarily applied. After reviewing the decisions, we find the following differences in evidentiary conclusions as to appellant's failure to perform his duties:
JUDGE SILVER, BOARD OF REVIEW.
Purchase of Games:
 Purchase of Games:
 No evidence to support unauthorized conduct. No evidence of illegal purchase, but failed to send the games back to the vendor. T. at 181, 327.
 FAMS (equipment) Inventory:
 FAMS (equipment) Inventory:
No evidence of misconduct. Appellant was following a direct order of a supervisor (Deputy Warden Israel). T. at 354, 1082.
No comment.
Jeep Purchases:
 Jeep Purchases:
No evidence of action by appellant as to purchase but a lack of efficiency warrant some discipline.
Appellant failed to comply with the State Purchasing Policy and the Department of Rehabilitation and Correction requirements in seeking to modify the contract, obtain a release or obtain Central Office approval. T. at 94, 134.
John Deere Gator:
 John Deere Gator:
No intentional or purposeful misuse of funds therefore no discipline. T. at 333-334.
Appellant's actions were a violation of the State Purchasing Policy; Appellant failed to follow administrative regulations and policies and failed to perform his duties. T. at 159-164.
IACP Manuel:
 IACP Manuel:
Appellant failed to properly complete which was valid cause for discipline. T. at 222, 1082.
No specific finding.
Pager Contract:
 Pager Contract:
No evidence to support discipline against appellant. Appellant failed to check existing contract status and failed to secure a new fiscal year contract. T. at 194-195.
As evidenced by appellant's own testimony, appellant was well versed in the specific procedures for review and presentation of purchases to the deputy warden:
 She would put the total package together and present it to me. That's when I would again review that all the approvals are there and that I would sign one signature line, because that official purchase order requires two. I would sign the first as an indication to the deputy that it appears, one, that the funds are there, and all the paperwork is in order and that it would be time then for him to review the package to — again, as a double-check or a countercheck of the necessary approval as being there.
T. at 18.
Appellant further admitted he was primarily responsible for following fiscal guidelines and was well aware of the State Purchasing Policy requirements. T. at 60.
We find the facts ruled upon to be present in the record. Although the same facts were acknowledged by Judge Silver and the Board, it was the interpretation or spin placed upon the facts that led to different conclusions. Judge Silver opined appellant was only partly involved in the purchases and the initial misconduct could be laid at the feet of subordinates who either failed to inform appellant of the facts or purposely asked only for information that would facilitate purchases. The Board took a narrower view of the facts. Although the Board acknowledged subordinates placed the incidents in motion, the Board found appellant failed to monitor and guide his co-workers as to specific mandated regulations and policies. The Board specifically found given appellant's responsibilities, he cannot shift the blame. In other words "the buck" stops at appellant's doorstep.
Neither decision find any difference in facts presented in evidence. Appellee does not contest the evidentiary facts argued by appellant.[1]
 LAWFULNESS OF THE DECISION
Although many questions are posed by both parties, the single issue is whether the Board's decision to hold appellant accountable for the purchases was unlawful. "Unlawful" is defined as "[t]hat which is contrary to, prohibited, or unauthorized by law." Black's Law Dictionary (6 Ed. 1990) 1536.
As cited by the Board in its opinion, appellant's responsibilities included the following:
 Obtaining preapproval from Central Office for purchases from the Industrial and Entertainment fund (the `I and E' fund) for expenditures exceeding Three Hundred Dollars ($300.00) [See Administrative Code Section 5120-5-04].
 Authorizing purchases of equipment exceeding Ten Thousand Dollars ($10,000.00) only when in compliance with a state contract, authorized competitive bidding after obtaining either the permission of the State Controlling Board or a release and permit from the Department of Administrative Services.
 Obtaining preapproval of the Central Office [Dave Baker] of the Department of Rehabilitation and Correction for modification or variance from a state vehicle purchase contract.
Appellant does not challenge these were his responsibilities. Given the undisputed evidence, we cannot find the Board's decision was unlawful. The violations as to the purchase of the Jeeps is consistent in each decision therefore, even with the lesser amount of violations, the decision that appellant breached his assigned duties was appropriate.
 DISPARATE TREATMENT
Judge Silver noted Deputy Warden Israel received only a one day suspension for his role in the institution's failure to fulfill the legal requirements for purchasing. Judge Silver recommended a one day suspension for appellant as well. The Board acknowledged termination was too harsh but a one day suspension was not harsh enough. The trial court found there was no showing of progressive discipline and reduced the Board's six month suspension to one month. Appellant now stands with a demotion and a one month suspension. The trial court found mitigating factors gave rise to a reduction in suspension time. It is conceded appellant had no previous marks on his record.
Under the Standards of Employee Conduct (Appellee's Exhibit A) a penalty for violating a rule must take into consideration all relevant circumstances. In all cases, the mitigating and aggravating circumstances along with the relationship of multiple offenses should be considered.
The Board acknowledged Deputy Warden Israel failed to properly supervise appellant but rejected this fact in determining penalty when balance it against appellant's primary duties. Therefore, we find mitigating factors were considered. Ohio Adm. Code 124-9-11 requires discipline of similarity situated employees to be uniform. Said section states in pertinent part "[e]vidence of disparate treatment will be considered in evaluating the appropriateness of the discipline which was imposed." The Standards of Employee Conduct states when facts of a case are different and distinguishable, "the disciplinary action may vary. However, when the facts are nearly the same, the disciplinary action taken should reflect consistency."
Judge Silver acknowledged the accountability of Deputy Warden Israel in the fracas. However as to the specific incidents, they fell squarely on the fault of appellant. Although Deputy Warden Israel received a different penalty, we find no disparate treatment.
 FAILURE TO FOLLOW PROGRESSIVE DISCIPLINE
The trial court found the Board had failed to follow the step discipline process. Under the Standard of Employee Conduct Rule Violations and Penalties (Appellee's Exhibit N), the penalty for one offense is an oral reprimand or up to a three day suspension. Nowhere in the code is there a thirty day, sixty day or demotion suspension. However, the Revised Standards of Employee Conduct (Appellee's Exhibit D) redefined progressive discipline as follows:
 Progressive discipline is intended to impose discipline at the level that is commensurate with the offense and progress through the disciplinary grid when further violations of the Standards of Employee Conduct are committed. Progressive discipline also recognizes that some violations of the Standards of Employee Conduct are so heinous that the level of discipline imposed may exceed the level recommended on the disciplinary grid.
* * *
 Consistency in application of the Standards of Employee Conduct is intended to provide a fair and thorough investigation prior to the imposition of discipline. The consistency being sought does not require the Employer to administer the discipline indicated in the Standards of Employee Conduct exactly the same in every case. The ranges on the disciplinary grid provide a great deal of discretion. * * *
Given the seriousness of an inappropriate monetary expenditure (Jeeps at minimum), we find the trial court was correct in assessing a greater than one day suspension and in upholding the demotion. Based upon the undisputed evidence and the acknowledgment of the different "spin" put on the evidence by the Board, we find the trial court's decision to uphold the demotion was not arbitrary, unlawful or capricious.
 LACK OF DUE PROCESS
Appellant further claims his pre-disciplinary hearing was inadequate. It is not the purpose of a pre-disciplinary hearing to be a full evidentiary hearing. Loudermill v. Cleveland Boardof Education (C.A.6, 1988), 844 F.2d 304, certiorari denied102 L.Ed.2d 365. Appellant was entitled to an oral or written notice of the charges, an explanation of employer evidence and an opportunity to present his side. Kennedy v. Marion CorrectionalInstitution (1994), 69 Ohio St.3d 20.
As pages 568-579 of the transcript clearly indicate, Margaret Lee, a deputy warden, was asked by Warden John Morgan to investigate and hold the pre-disciplinary hearing. Deputy Warden Lee discussed the alleged violations and in particular, provided appellant a chance to respond. Appellant himself testified he was aware of the alleged violations. T. at 71. Upon review, we find no procedural due process violations.
Based upon our analysis of the issues before Judge Silver, the Board and the trial court, we deny Assignments of Error I and II.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. concurs.
Hoffman, J. dissents.
[1] Appellee also does not challenge the trial court's decision to modify the suspension time.