OPINION
Plaintiff-appellant, Dalton Dixon, Jr. ("appellant"), appeals from the judgment of the Ashtabula Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("Review Commission"). The Review Commission disallowed appellant's request for a review of the decision of the hearing officer as being untimely filed.
On June 29, 1999, appellant applied for unemployment benefits. He was terminated from his employment with DIY Home Warehouse on June 24, 1999. On July 20, 1999, the Ohio Bureau of Employment Services disallowed appellant's claim after determining he was discharged for just cause. Appellant appealed this decision. On August 4, 1999, the administrator mailed his re-determination affirming the disallowance of benefits. The decision stated appellant had twenty-one days in which to appeal the re-determination.
On September 30, 1999, appellant filed his appeal. Appellant claimed he was unable to file his appeal earlier because he was hospitalized and under continuing care and treatment. Appellant attached a letter from his doctor. The doctor stated appellant was hospitalized from August 1, 1999 to August 7, 1999, due to multiple medical complications. The doctor opined appellant had been unable to participate in hearings due to his poor health. Appellant's appeal included medical records.
The appeal was transferred by the administrator to the Review Commission. A telephone conference was held on October 28, 1999. The only issue addressed at the hearing was whether appellant's appeal of the re-determination was filed on time. Appellant testified he received the administrator's re-determination by August 7 or 8. Appellant stated he was undergoing several medical procedures and taking medication at the time. Appellant averred he did not read the entire notice at the time he received it, but only saw that the re-determination had been denied. Appellant admitted there was no medical problem or condition which prevented him from reading the full document.
On October 29, 1999, the Review Commission determined appellant's appeal was filed beyond the statutory appeal period. The Review Commission found that, although appellant had serious health problems during the appeal time, he admitted to being negligent in not reading the appeal notice and that his health problems did not prevent him from preparing or mailing an appeal letter. The Review Commission dismissed appellant's appeal as being untimely filed.
On December 9, 1999, the Review Commission disallowed appellant's request for a review of the dismissal. On January 7, 2000, appellant appealed this decision to the Ashtabula Court of Common Pleas. On July 28, 2000, the court issued a judgment entry affirming the decision of the Review Commission. The court stated appellant filed his appeal outside of the statutory period. The court found the evidence regarding appellant's medical condition did not address the question of why appellant was unable to file a timely notice of appeal. Appellant has appealed from the court's judgment.
Appellant assigns the following errors for review:
 "[1.] That the trial Court erred to the prejudiced of the Plaintiff/Appellant in affirming the decision of the hearing officer which was unlawful, unreasonable and against the manifest weight of the evidence.
 "[2.] That the trial Court erred to the prejudiced of the Plaintiff/Appellant in affirming the decision of the hearing officer which concluded that the Plaintiff Defendant failed to file a timely Notice of Appeal."
 Appellant's two assignments of error will be addressed together for purposes of review and disposition. The threshold issue to be determined is whether appellant's appeal fits into an exception to the twenty-one day period to perfect an appeal. An interested party has twenty-one days after the notice is mailed, regarding the determination of benefits, in which to apply for a reconsideration. R.C. 4141.28(G)(1). The appeal must be filed within this time frame in order to be considered timely filed. R.C. 4141.28(I)(2). The time to file a request for reconsideration within the prescribed time is jurisdictional. Zier v. Bur. of Unemployment Comp. (1949), 151 Ohio St. 123. This is because a right to appeal granted by statute must be perfected only in the manner prescribed by statute. After all, without the statute, no right to appeal would exist. Griffith v. J.C. Penney Co. Inc., (1986), 24 Ohio St.3d 112. The agency's dismissal of an application due to a party's failure to timely file has been deemed to be the proper basis for refusal to consider an appeal. Micro Lapping Grinding Co. v. Unemployment Comp. Bd. of Review
(1984), 64 Ohio St.2d 277.
R.C. 4141.28(P)(2) provides that an interested party who provides certified medical evidence, stating that the interested party's physical condition or mental capacity prevented him or her from filing an appeal within the time proscribed by statute, will be able to file such an appeal within twenty-one days after the physical or mental condition has ended. Appellant asserts he did provide medical evidence showing he was unable to file his appeal within twenty-one days after the notice was mailed on August 4, 1999. Appellant was hospitalized from August 1, 1999 to August 7, 1999. Appellant admitted he saw the notice by August 8, 1999, at the latest, but did not read the entire notice. Appellant's medical condition and medications did not prevent him from reading or understanding the entire notice.
A court of common pleas may review the decision of the Review Commission to determine if that decision was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28(O); Simon v.Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41, 45. An appellate court is limited to determining whether the trial court abused its discretion in affirming the Board of Review's decision. See Kennedy v.Marion Correctional Inst. (1994), 69 Ohio St.3d 20. An abuse of discretion connotes more than an error of judgment; it implies a decision that is without a reasonable basis, one which is clearly wrong.Angelkovski v. Buckeye Potato Chips Co., Inc. (1983), 11 Ohio App.3d 159.
The Review Commission determined appellant did not submit evidence showing his health problems prevented him from filing a timely appeal. The court of common pleas affirmed that decision. The record does not demonstrate that this ruling was an abuse of discretion. Appellant admitted at the hearing that he could have read the entire notice, including the provision regarding the time in which to file an appeal, but he did not do so. The lower court did not abuse its discretion by determining that appellant filed his appeal outside the statutory period, depriving the Review Commission of jurisdiction to consider the merits of appellant's arguments. Therefore, appellant's arguments on appeal relating to the merits of the decision he was terminated for just cause will not be addressed. Appellant's first and second assignments of error lack merit and are overruled. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 _________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., FORD, J., concur.