OPINION
{¶ 1} Appellant Kathy L. Powell ("Powell") brings this appeal from the judgment of the Court of Common Pleas of Mercer County ("the trial court") affirming the judgment of the Ohio Department of Job Family Services ("ODJFS") denying unemployment compensation.
 {¶ 2} On June 12 or July 18, 2000,[1] Powell was hired by Brown Publishing Co., Inc. ("Brown"). Powell started in a sales route position for $350 per week, commissions, and a promise of promotion to the sales manager position whenever it became available. Instead of the $350 per week promised, Powell only earned $300 per week in salary, but received commissions ranging from $1,000 to almost $2,000 per month. In March of 2001, the sales manager position became available, but was given to Terry Ward ("Ward"). One week later, Powell's salary was increased to $435 per week and the method of calculating commissions was altered. The result was that her commissions were reduced to approximately $150 per month. Powell complained to the publisher, Ken Carpenter ("Carpenter"), who told her he would lower the sales goal and thus increase her commissions. Instead, Carpenter raised her sales goal by an `additional $7,000 to $42,500. Powell claimed, without contradiction, that her sales route had never billed that much and that Brown had insufficient personnel in the production department to complete ads totaling the sales goal. Powell raised her complaints concerning her decrease in income with Ward as well as Carpenter. Powell also attempted to contact Carpenter's supervisor without success. On April 11, 2001, Powell resigned and left employment at the end of the work day.
 {¶ 3} On May 1, 2001, Powell filed an application for unemployment benefits. ODJFS disallowed the claim on May 23, 2001, because ODJFS determined that Powell had resigned without just cause. Powell's request for appeal was denied on June 6, 2001, without opinion. Powell then appealed the decision to a hearing officer. On August 24, 2001, and October 18, 2001, a telephone hearing was held. Brown subpoenaed Ward and Carpenter to testify. On October 18, 2001, Ward testified, but Carpenter did not as he no longer was employed by Brown. Powell, unable to cross-examine Carpenter, submitted a summary of what she expected his testimony to be to the hearing officer. The hearing officer determined that he did not believe additional witnesses were necessary as he already had the summary of the testimony by Powell. On November 21, 2001, the hearing officer affirmed the decision based upon Powell's failure to complain to Carpenter's supervisor. This decision was appealed to the trial court. The court affirmed the ODJFS's decision on December 31, 2002. It is from this decision that Powell appeals and raises the following assignments of error.
 [The trial court] erred in holding and affirming that an employee, to gain unemployment compensation benefits by reason of a quit with just cause, must first demonstrate that he has exhausted all his available remedies to remain employed.
 [The trial court] erred in affirming the decision of the review commission, which is based upon a hearing in which [Powell] was denied substantial and fundamental rights of due process and fair hearing.
 {¶ 4} In administrative appeals, the court of appeals must affirm the judgment of the common pleas court unless the court of appeals finds the common pleas court has abused its discretion in entering the judgment on appeal. Kennedy v. Marion Corr. Inst. (1994), 69 Ohio St.3d 20,630 N.E.2d 324. An abuse of discretion "implies a decision that is without a reasonable basis and is clearly wrong." Scandinavian HealthSpa, Inc. v. Ohio Civ. Rights Comm. (1990), 64 Ohio App.3d 480, 488,581 N.E.2d 1169. When reviewing the decision of the common pleas court, the court of appeals "must not substitute [its] judgment for those of an administrative agency or a trial court[.]" Lorain City School Dist. Bd.of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-61,533 N.E.2d 264.
 {¶ 5} In the first assignment of error, Powell claims that the trial court erred by affirming ODJFS's decision that one must exhaust all possible alternatives prior to quitting a job before one can be eligible for unemployment benefits.
 Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 * * *
 (2) For the duration of the individual's unemployment if the director finds that:
 (a) The individual quit work without just cause or had been discharged for just cause in connection with the individual's work[.]
R.C. 4141.29(D).
 {¶ 6} In this case, the director made a finding of fact that Powell could have complained to Carpenter's supervisor before terminating her employment. The evidence shows that Powell attempted to contact Carpenter's supervisor on one occasion, but quit her employment when she was unable to do so. Given this evidence, the director could find that Powell had not made enough of an effort to contact the supervisor before quitting and is thus voluntarily unemployed. As a court of review in this case, the trial court must accept all findings of fact as long as they are not unreasonable based upon the evidence before the director. R.C.4141.29(D) provides that if a person is voluntarily unemployed, he or she is not entitled to receive unemployment benefits. Given the findings of fact before it, the trial court did not err in ruling that Powell was not entitled to receive unemployment benefits. The first assignment of error is overruled.
 {¶ 7} Powell claims in the second assignment of error that she was denied due process and a fair hearing. In support of this claim, Powell claims that the hearing officer should have permitted Powell to call her witnesses. However, the record indicates that Powell told the hearing officer what the testimony of the witnesses was expected to be. The hearing officer then informed Powell that her statements would be considered as evidence and that there was no real need to call the witnesses unless she objected. Powell did not object. Although Powell was not represented by counsel, that was her decision. She was notified that she could obtain counsel, but chose to represent herself. The fact that Powell chose to proceed without counsel does not require the hearing officer to give Powell any rights in addition to those given to any other party. The trial court fully reviewed the record and determined that Powell was not denied due process. Upon review, this court agrees. The second assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Mercer County is affirmed.
Judgment affirmed.
 WALTERS and CUPP, JJ., concur.
[1] The date of hire varies depending on the document reviewed.