[Cite as *Hoover v. Elyria*, 2016-Ohio-8092.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JAMES P. HOOVER | | C.A. No.      16CA010942 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF ELYRIA, OHIO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.      12CV176326 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2016

---

HENSAL, Judge.

{¶1}    James Hoover appeals a judgment of the Lorain County Court of Common Pleas that upheld the Elyria Civil Service Commission's decision to suspend him for violating the City's anti-discrimination policy.  For the following reasons, this Court affirms.

I.

{¶2}    Mr. Hoover worked for the City of Elyria's water pumping plant as an assistant superintendent.  On October 5, 2011, he noticed that one of the part-time employees, who is African-American, was wearing coveralls that had the name "Buck" on them.  Attempting to make a joke, Mr. Hoover told the others in the room that, in addition to the other two Bucks who worked at the plant, there was now "Black Buck" or "Big Black Buck."  Mr. Hoover repeated his "joke" with minor variations to other employees of the plant throughout the course of the day.

{¶3}    After a plant employee complained about Mr. Hoover's statements, the City's service director scheduled a pre-disciplinary meeting on the issue and an unrelated smoking

violation. Following the meeting, the service director terminated Mr. Hoover for violating the City's anti-discrimination policy. Mr. Hoover appealed to the Civil Service Commission, which held a hearing on the allegations. Although the Commission found that Mr. Hoover breached the City's anti-discrimination policy, it reduced his termination to a 45-day suspension without pay.

{¶4} Mr. Hoover appealed the Commission's decision to the common pleas court. The court determined that Mr. Hoover's statements were insufficient to constitute harassment, so it vacated his 45-day suspension. On appeal, this Court determined that the trial court had failed to consider "the entirety of [the City's] anti-discrimination code and it determined whether there existed a preponderance of substantial, reliable, and probative evidence in the record before it to support the Commission's decision." *Hoover v. City of Elyria*, 9th Dist. Lorain No. 12CA010288, 2014-Ohio-1783, ¶ 11. We, therefore, reversed the trial court's judgment in part, and remanded the matter for further proceedings consistent with our decision.

{¶5} On remand, the trial court requested additional briefing and held a hearing regarding the City's anti-discrimination policy. Upon consideration of "the entirety" of the anti-discrimination code, it determined that "that there existed a preponderance of substantial, reliable and probative evidence in the record to support the Commission's decision." Mr. Hoover has appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO UTILIZE FEDERAL OR STATE "HOSTILE WORK ENVIRONMENT" COMMON LAW TO DETERMINE WHETHER JAMES HOOVER'S CONDUCT VIOLATED THE CITY OF ELYRIA'S ANTI-DISCRIMINATION POLICY.

{¶6}    Mr. Hoover argues that the trial court incorrectly affirmed the Civil Service Commission's decision because, even if he made one racially insensitive joke a couple of times over the course of a single day, it did not create a hostile work environment for the other employees.    According to Mr. Hoover, his statements, therefore, did not constitute discriminatory or harassing behavior under the Codified Ordinances of Elyria.

{¶7}    Under Section 2506.04 of the Ohio Revised Code, a common pleas court reviews a decision of a political subdivision agency to determine if it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."  The common pleas court's decision is appealable to this Court on "questions of law."  R.C. 2506.04.  "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."  *Kisil v. City of Sandusky*, 12 Ohio St.3d 30, 34 (1984).  That "does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court."  *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St. 3d 142, 147 (2000), quoting *Kisil* at 34, fn.4.

{¶8}    The hostile work environment case law cited by Mr. Hoover applies to an action brought by a person who has been the target of harassment or discrimination in the workplace, not to the person causing such harassment.  The question here was whether Mr. Hoover could be disciplined for allegedly violating Section 165.29 of the Codified Ordinances of Elyria, not whether anyone at the plant had experienced a hostile work environment under state and federal law.  We, therefore reject Mr. Hoover's argument that the trial court failed to properly apply the

hostile-work-environment test in determining whether he could be disciplined for his comments. Mr. Hoover's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT OF APPEALS ON REMAND IMPERMISSABLY TOOK A DEFINITION OF DISCRIMINATION FROM AN AFFIRMATIVE ACTION ORDINANCE WHEN NOTHING IN THE CASE PREVIOUSLY INVOLVED AFFIRMATIVE ACTION.

{¶9} Mr. Hoover argues that this Court incorrectly referred to Section 167.02(e) of the Codified Ordinances in its previous decision in this action. According to Mr. Hoover, because Section 167.02(e) is in a chapter called "Affirmative Action," it had no applicability to his case. He also argues that the trial court's original decision, vacating his 45-day suspension for discrimination was the correct decision and that this Court exceeded its authority when it vacated that decision.

{¶10} Mr. Hoover's argument essentially asks this Court to reconsider its decision in the prior appeal. Under the doctrine of law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Absent extraordinary circumstances, which Mr. Hoover has not demonstrated, this Court has no authority to change our prior decision. *See id*. at syllabus. Mr. Hoover's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE CITY OF ELYRIA FAILED TO FOLLOW ITS OWN ORDINANCE IN ANY FASHION WHICH WAS IGNORED BY THE REMAND ORDER TO THE COMMON PLEAS COURT.

{¶11} Mr. Hoover next argues that the City failed to follow its ordinance in determining whether he should be disciplined. According to Mr. Hoover, under Section 165.29, the

complaint against him had to be filed with the Equal Employment Opportunity Officer. That officer would have then investigated the allegations and prepared a report for the safety service director.

{¶12} The procedures that Mr. Hoover has cited only explicitly pertain to "incidents, which fall under the term 'sexual harassment.'" Even assuming they apply to other forms of harassment, the person who was acting as the City's safety service director at the time the complaint against Mr. Hoover was filed testified that the City's Equal Employment Opportunity Officer was on vacation the week of the incident. He, therefore, conducted his own investigation into the issue.

{¶13} After the safety service director made his decision, Mr. Hoover appealed to the Civil Service Commission and received a full evidentiary hearing. Upon review of the record, we conclude that Mr. Hoover has failed to establish a violation of his due process rights. *See Kennedy v. Marion Correctional Inst.*, 69 Ohio St.3d 20, 23 (1994).

{¶14} Mr. Hoover also argues that his "Black Buck" statements did not violate any law and also did not offend his co-worker. There were several witnesses, however, who testified that they heard Mr. Hoover's statements and found them offensive, including the employee at whom they were directed.

{¶15} Mr. Hoover further argues that he was not the other employee's supervisor. Neither the safety service director's decision nor the civil service commission's decision nor the common pleas court's decision, however, included such a finding. The only decision that characterized the target of Mr. Hoover's statements as Mr. Hoover's "subordinate" was the common pleas court's initial decision, which was vacated. Mr. Hoover's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE CITY OF ELYRIA CHARTER AND CODE DOES NOT AND CANNOT LEAVE IT UP TO THE ELYRIA CIVIL SERVICE COMMISSION TO DEFINE RACIAL DISCRIMINATION OR HARASSMENT IN THE WORKPLACE.

{¶16} Mr. Hoover's next argument is that the decision of the civil service commission had to be consistent with state and federal law. According to him, because the city's ordinances do not define "harassment," it was appropriate for the trial court to determine, the first time it considered the issue, that his joke to a group of guys did not constitute hostile-work-environment discrimination.

{¶17} As explained earlier, whether Mr. Hoover's statements created a hostile work environment for the other employees is not the measure for determining whether the City could discipline him for making those statements. Section 165.29(a)(1) of the Codified Ordinances provides that "[d]iscrimination, harassment and sexual harassment shall not be tolerated and are prohibited." The Civil Service Commission only needed to determine whether Mr. Hoover's statements violated that provision. A dictionary definition of "harassment" includes "to create an unpleasant or hostile situation for esp. by uninvited and unwelcome verbal or physical conduct." *Merriam-Webster's Collegiate Dictionary* 567 (11th Ed.2005). According to the witnesses at the civil service commission hearing, Mr. Hoover's repeated "joke" was uninvited, unwelcome, and unpleasant for several of his co-workers, who testified to their understanding that the term "Black Buck" was a racial slur used against African-American men following the end of slavery. Upon review of the record, we cannot say that the Civil Service Commission used the wrong criteria in determining whether Mr. Hoover violated the City's anti-discrimination ordinance. Mr. Hoover's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT'S FACTUAL AND LEGAL CONCLUSIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶18} Mr. Hoover next argues that the common pleas court's factual findings are against the manifest weight of the evidence. He also argues that the court applied the wrong law in reviewing the Commission's decision.

{¶19} On remand, the common pleas court considered Section 165.29(a)(1) in order to determine whether Mr. Hoover's comments violated the City's anti-discrimination policy. It also considered whether the Civil Service Commission's decision to suspend Mr. Hoover was supported by the preponderance of the substantial, reliable, and probative evidence. It determined that the commission had applied and interpreted Section 165.29 in reaching its decision. It also determined that the record contained a preponderance of substantial, reliable, and probative evidence to support the Commission's decision.

{¶20} This Court's review is more limited than the common pleas court's. R.C. 2506.04. In light of the testimony of Mr. Hoover's co-workers who described the offensiveness of his repeated comments, we cannot say that the common pleas court erred when it determined that the Commission's decision was supported by a preponderance of the evidence. Mr. Hoover's fifth assignment of error is overruled.

III.

{¶21} Mr. Hoover's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL P. HARVEY, Attorney at Law, for Appellant.

SCOTT F. SERAZIN, Law Director, and AMANDA R. DEERY, Assistant Law Director, for Appellee.